PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Nagasaki Gonzalez           **Docket Number:** 10-00455-001
         **PACTS Number:** 53854

**Name of Sentencing Judicial Officer:** The Honorable Paul Barbadoro, U.S.D.J. - D/NH
**Name of New Judicial Officer:** The Honorable Jose L. Linares, U.S.D.J.

**Date of Original Sentence:** 11/16/2009
**Violation of Supervised Release:** 05/20/10

**Original Offense:** Conspiracy to Commit Access Device Fraud

**Original Sentence:** 5 months imprisonment followed by 3 years supervised released. Special conditions: Restitution in the amount of $1,220.98; full financial disclosure; divestiture of any financial windfall; no new debt; drug treatment/testing and 5 months in a community confinement center.
**Violation of Supervised Release Sentence:** Placed on supervised release for 3 years with all special conditions remaining in effect, in addition, ordered to complete 10 hours of community service per week and placed on location monitoring for six (6) months.
**Amended Violation of Supervised Release Sentence:** On June 25, 2010, sentence amended so that offender is instructed to complete 10 hours of community service per week for a period of three (3) months.

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** 05/20/10

**Assistant U.S. Attorney:** To be assigned, 970 Broad Street, Room 502 Newark, New Jersey 07102 (973) 645-2700

**Defense Attorney:** To be assigned, 1002 Broad Street, Newark, New Jersey 07102, (973) 645-6347

---

## PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The offender has violated the standard supervision condition which states 'You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.' |
| | The applicant submitted a monthly supervision report for May 2010. He has not submitted any supervision reports for June, July or August 2010. |

| | |
|---|---|
| 2 | The offender has violated the standard supervision condition which states '**You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.**' |

The offender tested positive for marijuana on July 7, 2010, August 10, 2010, and August 25, 2010. At the time of the August 25, 2010 test, the offender denied any recent substance abuse and blamed the positive test as a crossover from the drug use that led to the August 10, 2010 positive test. However, on September 7, 2010, the undersigned met with the offender at his apartment and requested a urine test. After a few minutes, the offender admitted to using marijuana on August 20, 2010. He requested permission to report the next day and provide a urine sample which could be sent to the laboratory for analysis. On September 8, 2010, the offender submitted a urine that was very clear. An instant analysis indicated the urine was negative for the presence of any drugs. The undersigned requested the offender sign an admission form for his verbal admission that he used marijuana on August 20, 2010. He refused to do so.

| | |
|---|---|
| 3 | The offender has violated the standard supervision condition which states '**You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**' |

On September 7, 2010, the undersigned met with the offender at his apartment and questioned him regarding substance abuse. The offender provided a verbal admission that he used marijuana on August 20, 2010. He requested permission to report on September 8, 2010, and provide a urine sample to be tested by the laboratory.

On September 8, 2010, the offender reported to the probation office and provided a urine sample that was tested using an instant testing device. The results were negative. As a result, the undersigned did not send the test to the laboratory. The offender was instructed to sign the admission form for drug use based on his admission the day prior, that he used marijuana on August 20, 2010. The offender was leery of "incriminating" himself and refused to sign the form.

The offender was interviewed in the presence of Supervising Probation Officer Thomas Larson, at which time he denied telling the undersigned he used marijuana on August 20, 2010.

| | |
|---|---|
| 4 | The offender has violated the special supervision condition which states "**You are to participate in the Location Monitoring Program. You shall be confined to your residence for a period of 6 months commencing at the direction of the U.S. Probation Office. You shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. You shall wear a Location Monitoring device and follow all location monitoring procedures. You shall permit the Probation Officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. You shall comply with any other specific conditions of home confinement as the Court may require. You shall pay all the costs associated with the Location** |

PROB 12C - Page 3
Nagasaki Gonzalez

Monitoring Device. The U.S. Probation Office may use less restrictive location monitoring technology if the U.S. Probation Office determines that a less restrictive device is available and appropriate.'

On July 5, 2010, the applicant left his residence without permission.

On September 6, 2010, the applicant left his residence without permission. When questioned where he went, the applicant stated he went to the golf driving range to hit golf balls.

I declare under penalty of perjury that the foregoing is true and correct.

By: Patrick Hattersley
U.S. Probation Officer
Date: 9/9/10

THE COURT ORDERS:

[ ] The Issuance of a Warrant
[X] The Issuance of a Summons. Date of Hearing: Oct 18, 2010 at 2:00 p.m.
[ ] No Action
[ ] Other

Signature of Judicial Officer

9/13/10
Date